IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

ALANDA TOBIAS : CIVIL ACTION NO.
    Plaintiff, : 2:08-CV-62-RWS
:
v. :
:
GEORGIA DEPARTMENT OF : PRISONER CIVIL RIGHTS
CORRECTIONS; et al., : 42 U.S.C. § 1983
    Defendants. :

## ORDER AND OPINION

Plaintiff, Alanda Tobias, presently incarcerated at the Lee Arrendale State Prison ("LASP") in Alto, Georgia, has submitted the instant pro se civil rights action against the Georgia Department of Corrections ("GDOC"), LASP Warden Tony Howerton, LASP Deputy Warden Kathy Seabolt, LASP Legal Assistant Tamara Hampton, and LASP Health Services Administrator Stephen Davis (collectively referred to as "Defendants"). This matter is presently before the Court on Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 20].

I. **Background**

In her complaint, Plaintiff claims that her constitutional rights under the Fourth, Fifth, and Fourteenth Amendments were violated when she was forced to submit a DNA sample to prison officials. [Doc. 1 at 3]. Plaintiff seeks declaratory, injunctive,

and monetary relief. [Id.]. In its June 9, 2008, Order, this Court conducted a 28 U.S.C. § 1915A screening of Plaintiff's constitutional claims. [Doc. 7]. In that Order, this Court allowed Plaintiff's Fourth and Fourteenth Amendment claims to proceed and dismissed his Fifth Amendment claim for failure to state a claim for relief. [Id. at 4-8].

Defendants have filed a pre-answer motion to dismiss pursuant to Rule 12(b)(6). [Doc. 20]. Defendants move for dismissal on the following grounds: (1) GDOC and the individual defendants sued in their official capacities are not "persons" within the meaning of § 1983; (2) the Eleventh Amendment bars Plaintiff's claims for damages; (3) Plaintiff has failed to state a § 1983 claim for relief under either the Fourth and Fourteenth Amendments; (4) Plaintiff cannot state a claim against Defendants for vicarious liability; and (5) Plaintiff's claims are barred by the doctrine of qualified immunity. [Doc. 20, Brief at 2-15]. Plaintiff has filed no response in opposition to Defendants' motion to dismiss. Defendants' motion to dismiss, therefore, is deemed unopposed. See Local Rule 7.1B. In light of Plaintiff's pro se status, however, the Court will address the merits of Defendants' motion.

AO 72A
(Rev.8/82)

## II. Motion to Dismiss Standard

When considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint" and is to limit "its consideration to the pleadings and exhibits attached thereto." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). Thus, a complaint may not be dismissed under Rule 12(b)(6) "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Rosen v. TRW, Inc., 979 F.2d 191, 194 (11th Cir. 1992) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III. Discussion

Defendants contend, inter alia, that Plaintiff has failed to state a claim for relief pursuant to either the Fourth Amendment or the Fourteenth Amendment. [Doc. 20, Brief at 5-10]. As discussed below, this Court agrees.

### A. Fourth Amendment Claim

The Fourth Amendment protects an individual's right to be free from unreasonable searches and seizures. U.S. Const. amend. IV. It is well settled that

AO 72A
(Rev.8/82)

"'convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison.'" O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (quoting Bell v. Wolfish, 441 U.S. 520, 545 (1979)). For purposes of the Fourth Amendment, however, prisoners "do not enjoy the same Fourth Amendment rights as free persons." Padgett v. Donald, 401 F.3d 1273, 1278 (11th Cir. 2005).

The compelled extraction of a blood or saliva sample for DNA profiling constitutes a "search" within the meaning of the Fourth Amendment. Id. at 1277 (citing Skinner v. Ry. Labor Executives' Ass'n, 489 U.S. 602, 616-17 (1989)). In considering whether such a "search" is reasonable, the court must inquire into "all of the circumstances surrounding the search . . . and the nature of the search . . . itself." Skinner, 489 U.S. at 619 (citation omitted).

Georgia law requires convicted, incarcerated felons to provide a DNA sample to the GDOC "for analysis and storage in a data bank maintained by the Georgia Bureau of Investigation ("GBI")." Padgett, 401 F.3d at 1275 (citing O.C.G.A. § 24-4-60). In Padgett, the Eleventh Circuit Court of Appeals held that § 24-4-60 does not violate the Fourth Amendment's protection against unlawful searches and seizures. Padgett, 401 F.3d at 1280. In applying a balancing test, the Eleventh Circuit reasoned "that Georgia's legitimate interest in creating a permanent identification record of

4

convicted felons for law enforcement purposes outweighs the minor intrusion involved in taking prisoners' saliva samples and storing their DNA profiles, given prisoners' reduced expectation of privacy in their identities." Id.

Plaintiff asserts that she is not a convicted felon for purposes of § 24-4-60 because she was sentenced pursuant to the Georgia First Offender Act ("Act"), codified at O.C.G.A. § 42-8-60 et seq. [Doc. 1 at 3]. The Act provides in pertinent part that if a criminal defendant has not been previously convicted of a felony, he or she may plead guilty and be sentenced to a term of confinement without an adjudication of guilt. O.C.G.A. § 42-8-60(a)(2). Thus, when a person sentenced under the Act has been released from confinement, "the defendant shall be discharged without court adjudication of guilt" and will "not be considered to have a criminal conviction." O.C.G.A § 42-8-62(a).[1] However, the Act also contains the following provision:

> Notwithstanding any other provision of this article, any person who is sentenced pursuant to [O.C.G.A. § 42-8-60(a)(2)] shall be deemed to have been convicted of the offense during such term of confinement for all purposes except that records thereof shall be treated as any other

---

[1] "The 'underlying humanitarian purpose' of the [Act] is to protect the first offender from the stigma of having a criminal record until an adjudication of guilt has been entered with regard to the crime for which the defendant was given first offender treatment." Davis v. State, 496 S.E.2d 699, 702 (Ga. 1998).

5

records of first offenders under this article and except that such presumption shall not continue after completion of such person's confinement sentence.

O.C.G.A. § 42-8-65(c).

Plaintiff is currently serving a state sentence under the Act. Pursuant to § 42-8-65(c), Plaintiff is deemed a convicted felon at all times during the period she is serving her present term of confinement in prison. As an incarcerated, convicted felon, Plaintiff is therefore required to submit a DNA sample to GDOC for analysis and storage in a GBI data bank. See O.C.G.A. § 24-4-60. After reviewing § 24-4-60 and the applicable provisions in the Act, this Court concludes as a matter of law that Defendants did not violate her Fourth Amendment rights in connection with the forced taking of a DNA sample. See Padgett, 401 F.3d at 1280.

Accordingly, even after accepting as true all of Plaintiff's allegations in her complaint, her Fourth Amendment claim is subject to dismissal pursuant to Rule 12(b)(6).

B.  **Fourteenth Amendment Claim**

Liberally construed, it appears that Plaintiff's Fourteenth Amendment claim pertains to a violation of her procedural due process rights. "With any procedural due process challenge, [a court] must first determine whether the injury claimed by the

6

plaintiff is within the scope of the Due Process Clause." Kirby v. Siegelman, 195 F.3d 1285, 1290 (11th Cir. 1999) (citing Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999)). In order to establish a procedural due process violation, Plaintiff must demonstrate that the state deprived her of a constitutionally-protected liberty interest in "life, liberty, or property" without due process of law. Zinermon v. Burch, 494 U.S. 113, 125 (1990). "The fundamental requirement of [procedural] due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965)).

None of Plaintiff's allegations suggest that she has been deprived of either life or property in connection with the forced taking of a DNA sample. Rather, Plaintiff is entitled to due process only if she can establish that she was deprived of "liberty," as that term is defined in the context of the Fourteenth Amendment. The Eleventh Circuit in Kirby recognizes that:

> Determining whether one was deprived of liberty presents a unique challenge with prisoners, who are already deprived of their liberty in the ordinary understanding of the word. The Supreme Court has identified two situations in which a prisoner can be further deprived of his liberty such that due process is required. The first is when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court. The second situation is when

AO 72A
(Rev.8/82)

the state has consistently bestowed a certain benefit to prisoners, usually through statute or administrative policy, and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." In the first instance, the liberty exists apart from the state; in the second, the liberty interest is created by the state.

Kirby, 195 F.3d at 1290-91.

Plaintiff's complaint fails to present any allegations to suggest that she has been deprived of liberty due to any change in her condition of confinement. Indeed, Plaintiff has not alleged that her involuntary submission of a DNA sample in any way added to her state sentence.

With regard to the second situation discussed in Kirby, Plaintiff alleges that the Act and the GDOC Standard Operating Procedure protect her from submitting DNA samples because she is not "convicted" within the general meaning of that term. [Doc. 1 at 3]. Plaintiff, however, has failed to identify a specific statute or administrative policy in the GDOC's Standard Operating Procedure that prohibits the taking of DNA samples from inmates sentenced under the Act. Rather, as discussed above, Plaintiff is deemed a convicted felon under the Act while she is serving her sentence in prison. See O.C.G.A. § 42-8-65(c). In light of her current status as a convicted felon, Plaintiff is required to submit a DNA sample. See O.C.G.A. § 24-4-60.

Furthermore, even if Plaintiff could identify a specific administrative policy that confers benefits to her on this issue, she cannot establish that the submission of a DNA sample "[i]mposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995). See Johnson v. Ogershok, No. 4:02-CV-1525, 2004 WL 3622384 at *5 (M.D. Pa. Nov. 1, 2004) (concluding that a convicted murderer has alleged no "atypical and significant hardship" with respect to the taking of his DNA sample). Accordingly, because Plaintiff does not have a protected liberty interest with regard to the submission of a DNA sample, she is not entitled to any procedural due process protections.

Even if Plaintiff had a protected liberty interest to be free from an involuntary taking of her DNA, her procedural due process claim fails on the basis that she has an adequate post-deprivation remedy under state law. See McKinney v. Pate, 20 F.3d 1550, 1557 (11th Cir. 1994) (explaining that "only when the state refused to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise"). In Georgia, a plaintiff has the right to seek a writ of mandamus to remedy an alleged procedural violation. See O.C.G.A. § 9-6-20. The Eleventh Circuit has concluded that this mandamus remedy is adequate

9

to ensure that a plaintiff is not deprived of her due process rights. Cotton v. Jackson, 216 F.3d 1328, 1333 (11th Cir. 2000). Because Plaintiff has an available remedy under state law, she cannot state a claim for a procedural due process violation.

Accordingly, even after accepting as true all of Plaintiff's allegations in her complaint, her Fourteenth Amendment claim is subject to dismissal pursuant to Rule 12(b)(6).[2]

## IV. Conclusion

For the foregoing reasons, **IT IS THEREFORE ORDERED** that Defendants' motion to dismiss [Doc. 20] is **GRANTED** and that the instant complaint is hereby **DISMISSED**.

**IT IS SO ORDERED**, this 3rd day of February, 2009.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

---

[2] Because this Court concludes that Plaintiff's Fourth and Fourteenth Amendment claims fail to state a claim for relief, it is unnecessary to address Defendants' additional arguments presented in their motion to dismiss.

10